UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| WENDY L. CAMPBELL, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-718 |
| v. | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip J. Green, United States Magistrate Judge, who issued a Report and Recommendation ("R&R") on August 16, 2019 (ECF No. 20). The R&R recommends affirming the Commissioner's decision denying benefits because substantial evidence supported the conclusion that Plaintiff was not disabled, and because the Commissioner correctly applied the law in reaching his decision. Plaintiff Wendy Campbell timely filed objections (ECF No. 21), and the Commissioner responded (ECF No. 22).

Plaintiff is entitled to de novo review on the portions of the R & R for which she has articulated clear and specific objections. Fed. R. Civ. P. 72(b)(3). But "[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (quoting *Nickelson v.* Warden, No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012)). And similarly, the Court is not

obligated to address objections that do not identify *specific* errors in the magistrate judge's proposed recommendations. *Id.*

Here, Plaintiff's objection begins with a recitation of the medical opinions in the record. Plaintiff argues that all the medical opinions on record were consistent in finding that she was unable to carry out tasks consistently. To support this, Plaintiff selectively quotes a form question and response from Dr. Jones-Smith's assessment, which states that Plaintiff is moderately limited in her ability to "complete a normal workday without interruption from psychologically based symptoms without an unreasonable number and length of rest periods." (*See* ECF No. 9-3 at PageID.147.) However, Plaintiff has failed to note that an evaluator's "actual residual functional capacity assessment is recorded in the narrative discussion(s)," rather than in the form responses (*See id.* at PageID.146). *See Shoup v. Comm'r of Soc. Sec.*, No. 16-581, 2017 WL 2240511, at *6 (W.D. Mich. May 23, 2017) ("[A] vague assertion that Plaintiff might be moderately limited does not necessarily indicate that Plaintiff is unable to adequately function in a specific area. Moreover, the plain text of assessment questionnaire states that the actual functional capacity assessment should be found from the doctor's answers to the narrative discussion questions.") Importantly, Dr. Jones-Smith's narrative discussion explains that Plaintiff could perform simple tasks "on a sustained basis" (See ECF No. 9-3 at PageID.148). Thus, the R&R properly credited the statement in Dr. Jones-Smith's narrative discussion and found that Dr. Jones-Smith's medical opinion was inconsistent with the other medical opinions on record. This objection is overruled.

Plaintiff also argues that the magistrate judge's conclusion was erroneous because it failed to "focus[] on the medical evidence." This is untrue: the magistrate judge properly considered several medical records, including multiple records of Plaintiff's visits with Dr. Fawcett, and Dr. Findley's consultative examination report. Further, the magistrate judge appropriately considered Plaintiff's ability to watch her grandson: Magistrate Judge Green reasonably found that Plaintiff's ability to consistently fulfill this responsibility was inconsistent with Dr. Fawcett's opinion that she could not perform within a schedule or maintain regular attendance, and Dr. Findley's opinion that she could not carry out routine, repetitive tasks on a sustained basis. *See Miller v. Comm'r of Soc. Sec.*, 524 F. App'x 191, 194 (6th Cir. 2013) (upholding the ALJ's decision to discount a treating physician's opinion of marked mental limitations in part because it was inconsistent with the claimant's daily activities). The magistrate judge properly considered all the evidence before the Court, including the medical evidence and Plaintiff's daily life. This objection is overruled.

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the Court **ADOPTS** the Report and Recommendation (ECF No. 20) as the Opinion of the Court, **OVERRULES** Plaintiff's objections (ECF No. 21), and **AFFIRMS** the decision of the Commissioner denying benefits to Plaintiff.

This case is **CONCLUDED**, and a separate judgment will issue.

**IT IS SO ORDERED.**

Date: February 6, 2020   /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge

3